1
2
3          **UNITED STATES DISTRICT COURT**
4              **DISTRICT OF NEVADA**
5
6   MARY MARGARET JACKSON,                    Case No. 2:22-cv-01283-NJK
7            Plaintiff,                              **ORDER**
8   v.
9   KILOLO KIJAKAZI,
10           Defendants.

11          This case involves judicial review of administrative action by the Commissioner of Social
12   Security ("Commissioner") denying Plaintiff's application for disability insurance benefits
13   pursuant to Title II of the Social Security Act.  Currently before the Court is Plaintiff's motion to
14   reverse or remand.  Docket No. 12.  The Commissioner filed a response and cross-motion to affirm.
15   Docket Nos. 13, 14.  Plaintiff filed a reply to the Commissioner's response.  Docket No. 15.

16   **I.    STANDARDS**

17          A.    <u>Disability Evaluation Process</u>

18          The standard for determining disability is whether a social security claimant has an
19   "inability to engage in any substantial gainful activity by reason of any medically determinable
20   physical or mental impairment which can be expected to last for a continuous period of not less
21   than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A).  That determination
22   is made by following a five-step sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137,
23   140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  The first step addresses whether the claimant
24   is currently engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  The
25   second step addresses whether the claimant has a medically determinable impairment that is severe
26   or a combination of impairments that significantly limits basic work activities.  20 C.F.R. §§

27   _____
28   [1]      The five-step process is largely the same for both Title II and Title XVI claims.  For a Title
     II claim, however, a claimant must also meet insurance requirements.  20 C.F.R. § 404.130.

                                            1

404.1520(c), 416.920(c).   The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.   There is then a determination of the claimant's residual functional capacity ("RFC"), which assesses the claimant's ability to do physical and mental work-related activities.   20 C.F.R. §§ 404.1520(e), 416.920(e).   The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work.   20 C.F.R. §§ 404.1520(f), 416.920(f).   The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience.   20 C.F.R. §§ 404.1520(g), 416.920(g).

      B.    Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g).   The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision.   *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Biestek v. Berryhill*, ___ U.S. ____, 139 S.Ct. 1148, 1154 (2019).   "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II.    BACKGROUND

      A.    Procedural History

On May 22, 2020, Plaintiff protectively filed an application for Social Security Disability Insurance benefits pursuant to Title II of the Social Security Act.   Administrative Record ("A.R.") 77-78.   Plaintiff alleged a disability starting October 13, 2019.   A.R. 204.   Plaintiff's initial application was denied on February 11, 2021.   A.R. 77.   She then filed a request for reconsideration, A.R. 111, which was denied, A.R. 88.   On September 1, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") regarding her benefits determination.   A.R. 125-26.   ALJ Cynthia Hoover held a hearing on December 14, 2021.   A.R. 52-75.   On March 15,

2022, the ALJ issued a decision denying Plaintiff benefits.  A.R. 25-43.  Plaintiff subsequently filed a request for review by the Appeals Council.  A.R. 201-03.  On June 9, 2022, the Appeals Council denied Plaintiff's request to review the ALJ's decision, A.R. 1-3, making it the final decision of the Commissioner.  *See* 42 U.S.C. § 405(g).  The instant case was filed on August 11, 2022.  Docket No. 1.

B.    The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920.  A.R. 25-43.  The ALJ first found that Plaintiff meets the insured status requirements through December 31, 2024.  A.R. 27.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 13, 2019.  *Id.*  At step two, the ALJ found that Plaintiff has the following severe impairments: disorders of the skeletal spine, anxiety, migraine headaches, depression, and trauma- and stressor-related disorder.  A.R. 27-28.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 28-30.  The ALJ found that Plaintiff has the residual functional capacity to perform light work as defined by 20 C.F.R. § 404.1567(b) except that she can: (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for six hours and sit for six hours in an eight-hour workday; (3) frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; (4) frequently stoop, kneel, and crouch and occasionally crawl; (5) frequently reach overhead bilaterally; (6) understand, remember, and carry out simple tasks with concentration, persistence, and pace for such, characteristic of unskilled occupations; and (7) must avoid exposure to extreme temperatures, wetness, loud noises, vibration, and hazards such as unprotected heights and dangerous moving machinery.  A.R. 30-41.  At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a business operations manager.  A.R. 41.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform, based on Plaintiff's age, education, work experience, and residual functional capacity.  A.R. 42.  The ALJ considered the Medical Vocational Rules, which provide a framework for finding Plaintiff disabled or not.  In addition to

considering the Medical Vocational Rules, the ALJ took testimony from a vocational expert that an individual with the same residual functional capacity and vocational factors as Plaintiff could perform work as a mail clerk, assembler of small products, or bench assembler.  A.R. 42.  In doing so, the ALJ defined Plaintiff as an individual closely approaching advanced age.  A.R. 41.  The ALJ found that Plaintiff has at least a high school education and further found the transferability of job skills to be immaterial.  A.R. 41-42.  Based on these findings, the ALJ found Plaintiff not disabled from October 13, 2019, through March 15, 2022.  A.R. 43.

## III.   ANALYSIS

Plaintiff submits that the ALJ failed to support her evaluation of the mental and physical health opinions in the record with substantial evidence.  Docket No. 12 at 11-15.

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  20 C.F.R § 404.1520c(a).  The ALJ must "articulate how [she] considered the medical opinions and prior administrative medical findings" based on certain specified factors.  *Id.*  The most important factors are supportability and consistency, which the ALJ must address.  20 C.F.R. § 404.1520c(b).  "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'  Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'"  *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)).  An ALJ may, but is not required to, address the remaining provided factors.  20 C.F.R. § 404.1520c(b).

Reviewing courts must affirm an ALJ's evaluation of evidence in the record if it is supported by substantial evidence.  *See Woods*, 32 F.4th at 787, 793.  When determining whether a decision is supported by substantial evidence, courts "look[] to all the pages of the ALJ's decision."  *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022); *see also Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013) (noting that Ninth Circuit case law "simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings'" (internal quotation omitted)).  "Where evidence

is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).   Further, when "the evidence is susceptible to more than one rational interpretation, this [C]ourt must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Khan v. Saul*, 855 Fed. App'x 343, 345 (9th Cir. 2021) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).   *See also Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion").

A.   Drs. Jack Araza, Ph.D. and Marisa Hendron, Ph.D.

Plaintiff submits that the ALJ's evaluation of the prior administrative medical findings of Drs. Araza and Hendron fails to include a sufficient supportability and consistency analysis as required by 20 C.F.R. § 404.1520c.  Docket No. 12 at 11-13.  Specifically, Plaintiff submits that the ALJ's RFC determination did not exactly track the recommendations of Drs. Araza and Hendron, and the ALJ did not properly consider certain evidence in the record.[2]   *Id.*   The Commissioner responds that the RFC determination does not materially differ from Drs. Araza's and Hendron's recommendations and that the ALJ properly considered all evidence in the record. Docket No. 14 at 6-11.

Plaintiff submits that the ALJ's supportability and consistency analysis of Drs. Araza's and Hendron's findings is insufficient because she fails to include an RFC limitation addressing the

---

[2]       Plaintiff also submits that the ALJ erred in the jobs she determined Plaintiff was capable of performing at Step 5. Docket No. 12 at 12. The ALJ found Plaintiff capable of performing two jobs at GED Reasoning Level 2 and one job at GED Reasoning Level 3.  A.R. 42.  Plaintiff's RFC limits her to "simple" jobs. A.R. 30.  The Ninth Circuit has observed that an RFC limitation to "simple" jobs is consistent with the work performed at GED Reasoning Level 2 jobs. *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1004 n.6 (9th Cir. 2015) (collecting cases).  To the extent the job requiring a GED Reasoning Level 3 exceeds Plaintiff's RFC limitations, the ALJ's consideration of such a job is harmless because she found Plaintiff is still capable of performing a significant number of jobs existing in the national economy. *Cf. Gavilar v. Colvin*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 available jobs constituted a significant number of jobs existing in the national economy). *See also Tommasetti v. Astrue*, 533 F.3d 1035, 1042-43 (9th Cir. 2008) (holding that an ALJ's conclusion that a claimant could perform past work exceeding the limitations in the claimant's RFC was harmless error because the ALJ also found that the claimant could perform other jobs that were consistent with the RFC and existing in significant numbers in the national economy).

detail of work Plaintiff is able to do.  Docket No. 12 at 12.  However, in crafting the RFC, the ALJ concluded that Plaintiff can "understand, remember, and carry out simple tasks with concentration, persistence, and pace for such, characteristic of unskilled occupations."  A.R. 30.  This accords with the doctors' findings that Plaintiff can sustain simple work.[3]  A.R. 85-86, 97-98.  Moreover, a review of the ALJ's opinion shows that she thoroughly considered the supportability and consistency of the doctors' findings.  For example, the ALJ noted that, although Plaintiff had been to the emergency room twice for anxiety issues in the spring of 2021, her mental health treatment had otherwise been routine and conservative.  A.R. 37.  She further noted that Plaintiff reported her anxiety was improving in August 2021.  A.R. 38 (citing A.R. 1032).  In evaluating Drs. Araza's and Hendron's findings, the ALJ also considered Dr. Mark Short's observations of Plaintiff.  A.R. 38 (citing A.R. 734-36).  The ALJ noted that Plaintiff's cognitive abilities appeared more intact during assessments by various treating psychiatrists and therapists than they did during consultive examiner Dr. Paul Nelson's evaluation.  A.R. 38 (citing A.R. 400, 477, 529, 563, 589, 657, 768, 812, 892, 1032, 1088-89, 1189).

Plaintiff further submits that the ALJ erred by not considering Plaintiff's emergency room visits or how consistent Drs. Araza's and Hendron's findings are with Dr. Short's opinion.  Docket No. 12 at 13.  However, as discussed above, the ALJ did consider Plaintiff's emergency room visits.  Similarly, the ALJ also considered how consistent Drs. Araza's and Hendron's findings are with Dr. Short's opinion.  Moreover, to the extent Drs. Araza and Hendron discussed Dr. Short's opinion, they found it inconsistent with other evidence in the record.  A.R. 82, 94.  The ALJ

---

[3]      It is not immediately apparent to the Court how an RFC being inconsistent with a medical opinion shows that the medical opinion is unsupported by relevant explanations and inconsistent with other evidence in the record.  To the extent that an RFC is inconsistent with the medical evidence in the record, that issue would seemingly be more properly raised as a challenge to whether the RFC itself is supported by substantial evidence.  *See, e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1100-1105 (9th Cir. 1999).

Additionally, although medical professionals may opine on whether they believe a claimant is disabled, the RFC determination is an administrative assessment reserved solely to the Commissioner.  Social Security Ruling 96-8p, 1996 WL 374184, *2 & n.4.  The residual functional capacity determination does not need to copy the exact opinion of any particular doctor; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity.  *Rounds*, 807 F.3d at 1005-06.

evaluated Drs. Araza's and Hendron's findings considering the whole record and her RFC determination accords with their recommendations.  The Court, therefore, finds that the ALJ's evaluation of Drs. Araza's and Hendron's findings is supported by substantial evidence.

B.      Dr. Mark Short, Psy.D.

Plaintiff submits that the ALJ failed to sufficiently explain why she found Dr. Mark Short's medical opinion only partially persuasive.  Docket No. 12 at 13-14.  The ALJ found "Dr. Short's opinion regarding the limitation to understanding, remembering, and carrying simple instructions persuasive." A.R. 40.  However, she found that his "other opinions are internally inconsistent and not consistent with his own exam" of Plaintiff.  *Id.*  Plaintiff submits that the ALJ did not offer a sufficient supportability and consistency analysis for her evaluation of Dr. Short's "other opinions." Docket No. 12 at 13-14.  The Commissioner responds that the ALJ properly considered supportability and consistency in her evaluation of the entirety Dr. Short's medical opinion. Docket No. 14 at 11-13.

Plaintiff submits that Dr. Short's other opinions consist of his opinions regarding limitations in detailed tasks and interpersonal interactions.  Docket Nos. 12 at 14, 15 at 2.  The ALJ found "Dr. Short's opinion regarding the limitation to … carrying *simple* instructions persuasive." A.R. 40 (emphasis added).  The ALJ even incorporated this finding into the RFC determination, concluding Plaintiff only had the ability to "understand, remember, and carry out simple tasks with concentration, persistence, and pace for such, characteristic of unskilled occupations." A.R. 30.  The ALJ's limitation to simple tasks characteristic of unskilled occupations accords with Dr. Short's observation that Plaintiff "appears to retain sufficient cognitive resources to sustain simple employment." A.R. 631.  Contrary to Plaintiff's assertion, the ALJ's RFC limitation to simple tasks shows that she found Dr. Short's limitation excluding detailed tasks persuasive.  *See Khan*, 855 Fed. App'x at 345; *Magallanes*, 881 F.2d at 755.  The remaining issue on which Dr. Short opined was Plaintiff's ability to interact with others, *see* A.R. 630.  The Court, therefore, construes Dr. Short's "other opinions" that the ALJ found unpersuasive to be his opinions regarding Plaintiff's ability to interact with others.

Dr. Short observed that Plaintiff "would appear to have mild difficulty interacting with supervisors, peers, and the public." A.R. 630. However, he also noted that Plaintiff "would have significant difficulty responding appropriately to work pressure in a work setting in coordination with and in close proximity to others without conflict." *Id.* Despite the apparent inconsistency between these two observations, Dr. Short at no point reconciles this discrepancy. The Court, therefore, finds that the ALJ's evaluation of Dr. Short's opinion is supported by substantial evidence.

C.   Dr. Paul Nelson, M.D.

Plaintiff submits that "[t]he ALJ's evaluation of Dr. Nelson's opinion is materially flawed, undermining the validity of its conclusion." Docket No. 12 at 14. Specifically, Plaintiff submits that the ALJ incorrectly interpreted the limitations recommended by Dr. Nelson and only offered a "recitation of data" to support her RFC determination. *Id.* at 14-15. Plaintiff further submits that the ALJ erred in valuing the medical opinions of Drs. Susan Riberio, M.D. and Dominick Addonizio, M.D. because they did not adequately discuss the opinion of Dr. Nelson. *Id.* at 15. The Commissioner responds that the ALJ provided an adequate supportability and consistency analysis for her discrediting of Dr. Nelson's opinion and valuing of Drs. Ribeiro's and Addonizio's opinions. Docket No. 14 at 13-16.

The ALJ found Dr. Nelson's opinion unpersuasive because it was internally inconsistent and not supported by his examination of Plaintiff. A.R. 41. The ALJ noted that Dr. Nelson opined that Plaintiff could perform medium exertional work but simultaneously recommended that Plaintiff be limited to standing and/or walking for two to six hours out of an eight-hour workday. *Id.* Dr. Nelson indicated that Plaintiff could carry fifty pounds occasionally and twenty-five pounds frequently. A.R. 736-37. He also indicated that Plaintiff could stand at least two hours in a day but not more than six hours in a day. *Id.* at 737. Dr. Nelson's opinion therefore suggests that Plaintiff meets the strength requirements of medium work while simultaneously limiting Plaintiff to the walking requirements of sedentary to light work. *See* Social Security Ruling 83-10, 1983 WL 31251, *5-*6. "[T]here are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent

exertion in pushing or pulling), but are performed primarily in a sitting position." *Id.* at *6.  The ALJ, therefore, did not err in finding that the inconsistency between his strength and walking limitations made Dr. Nelson's opinion unpersuasive.[4]

Additionally, the ALJ noted that, except for some difficulty squatting and rising and marginally reduced range of motion in her back and hips, Dr. Nelson's exam showed Plaintiff to be of normal health and strength.  A.R. 41 (citing A.R. 733-36).  Without addressing how a slightly reduced range of motion supported such a finding, Dr. Nelson suggested standing and/or walking limitations for Plaintiff.  A.R. 737.  Therefore, the Court finds that the ALJ did not err in finding Dr. Nelson's opinion unsupported by his exam of Plaintiff.  *See Shaibi*, 883 F.3d at 1108 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld") (internal quotation omitted).

Similarly, substantial evidence backs the ALJ's supportability and consistency analysis of Drs. Ribeiro's and Addonizio's opinions.  The ALJ noted that Drs. Ribeiro's and Addonizio's opinions were substantially identical to each other, both limiting Plaintiff to "light exertional capacity with frequent postural activities," excluding certain specified postural activities.  A.R. 36. The ALJ found "their opinions persuasive because they were well supported with references to the objective medical evidence and are consistent with the record as a whole."  *Id.*  In doing so, the ALJ conducted a sufficient survey of evidence in the record beyond the opinions of the doctors themselves.  For example, the ALJ noted that Plaintiff has a history of mild degenerative disc disease, but that this has been responding well to conservative treatment.  *Id.* (citing A.R. 358, 360, 366-68, 694, 1078, 1133).  Indeed, while discussing whether Plaintiff's claimed limitations matched Drs. Ribeiro's and Addonizio's opinions, the ALJ considered Dr. Nelson's exam observations in the context of the broader medical record.  A.R. 37 (citing A.R. 501, 733-36, 924,

---

[4]     Plaintiff is correct that "Dr. Nelson did not opine limitation to medium work."  Docket No. 12 at 14.  However, the form Dr. Nelson completed consisted primarily of check boxes and filling in certain figures, with almost no allowance for narrative opinions.  *See* A.R. 732-39.  Dr. Nelson completed that form in a way that indicates both that Plaintiff is capable of performing medium work, and incapable of standing for the time necessary to complete medium work.  The fact that Dr. Nelson did not narratively opine that Plaintiff can do medium work is, therefore, inconsequential.

1  1133, 1206).  Further, the ALJ observed that Plaintiff self-reported being able to walk two miles

2  daily, regularly perform exercise routines, and otherwise attempt to be more active, which conflicts

3  with Dr. Nelson's recommendations.  A.R. 37 (citing A.R. 866, 883).  The Court, therefore, finds

4  that substantial evidence confirms the ALJ's evaluation of Dr. Nelson's opinion.

5  **IV.     CONCLUSION**

6        For the reasons discussed above, the Court **DENIES** Plaintiff's motion to remand, Docket

7  No. 12, and **GRANTS** the Commissioner's countermotion to affirm, Docket No. 13.  The Clerk's

8  Office is instructed to **enter final judgment** accordingly and to **close** this case.

9        IT IS SO ORDERED.

10       Dated: February 14, 2023.

11                                              _____

12                                              NANCY J. KOPPE
                                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28